## DULING v. KENTUCKY HOME MUT. LIFE INS. CO.

### Civ. No. 882.

United States District Court
M. D. Tennessee, Nashville Division.

Jan. 3, 1950.

Joseph L. Lackey, and George C. Anderson, of Nashville, Tennessee, for plaintiff.

Cecil Sims and Francis M. Bass, Jr., of Nashville, Tennessee, and Chas I. Dawson, of Louisville, Kentucky, for defendant.

DAVIES, District Judge.

This cause came on for hearing before the Court on February 28, 1949.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. That the plaintiff Albert Duling is a retired employee of the United States Post Office Department at Nashville, Tennessee, and is a member of the Nashville Postal Employees Benefit Society, and that members of said Society were holders of a group insurance policy issued in 1927 by Inter-Southern Life Insurance Company, on August 8, 1932, taken over by defendant Kentucky Home Mutual Insurance Company, which policy covered members of said Society, an unincorporated Association.

2. That the endorsement appearing on said policy of insurance and covering employees of the Nashville Postal Employees Benefit Society, providing that each member insured shall pay the same rate of premium per $1000.00 of insurance until otherwise provided by said Society, is an integral part of said policy and a part of the contract between defendant and members of the Society; said endorsement reading as follows: "Unless or until otherwise provided by the Nashville Postal Employees Benefit Society, each member insured hereunder shall pay the same rate per $1,000 of insurance. This individual premium rate per $1,000 of insurance will be determined at the beginning of each policy year by dividing the total premium calculated as provided in the policy contract by the total insurance benefit, and this rate shall be applicable to each member insured hereunder regardless of age."

That said endorsement was placed on the policy for the benefit of the older members

of said Society and to protect them from having to pay an increased rate of insurance in their later years.

3. That the members of said Society consented to a change from the same rate of premium per $1,000.00, as provided for in said endorsement, to a step-rate premium according to age groups of the members of the Society, as evidenced by the letter introduced in evidence on behalf of the defendant hearing date of January 16, 1933, and signed by Albert Duling as President and Everett Melton as Secretary of the Nashville Postal Employees Benefit Society; that by reason of such consent the defendant company had the right to change from the same rate of premium per $1,000.00 of insurance to the step-rate premium, which change became effective with the beginning of the policy year 1933; that the defendant company legally collected premiums under said policy of insurance on the step-rate basis, as provided in said letter of consent, commencing with the policy year beginning February 19, 1933, up to the policy year beginning February 19, 1946.

4. That beginning with the policy year commencing February 19, 1946, the defendant company arbitrarily changed from the step-rate system of premium payments to a system based on the attained age rate as set out in the table incorporated in and made a part of said policy of insurance; that the members of the Society were notified of said change in rate by a letter from the Supervisor of the defendant's group department, dated January 19, 1945, and addressed to Leo Newman, Secretary of the Nashville Postal Employees Benefit Society, a copy of said letter having been introduced in evidence on behalf of the defendant; that the members of said Society did not consent to said change, and it was therefore made in violation of the terms of the policy, which includes the original endorsement as modified; that this change constituted a breach of contract by the defendant and was a constructive fraud upon the holders of said policy; that the step-rate system of payment as consented to by the members of the Benefit Society, which modified the

aforementioned endorsement on the policy of insurance, remained in full force and effect and continues in effect until a change in such system of premium payments is consented to by the members of said Society.

## Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter of this suit by reason of diversity of citizenship of the parties and requisite amount in controversy.

2. The plaintiff Albert Duling is entitled to maintain this suit individually in his own behalf and in behalf of all other members of the Nashville Postal Employees Benefit Society, who have had to pay increased premiums by reason of the change in premium payments instituted by the defendant, beginning with the policy year 1946. Any member of said Society who desires to do so may become a party to this suit by filing a petition in this cause within thirty days from the date of the entry hereof.

3. The defendant company shall be required to specifically perform its contract of insurance with the members of said Society to the extent and in the way and manner as provided under the terms, conditions, and provisions of said policy. That the defendant company shall permit any and all members of said Society formerly insured under said policy, who have ceased payment of premiums thereunder and all owed their insurance to lapse, because of the change in rate instituted by the defendant company beginning with the policy year 1946, to reinstate their insurance under said policy if they so desire, upon payment of the current premium.

4. As to any such members who have died since said increased rate became effective and whose insurance was allowed to lapse on account of said increase in rates, the defendant company shall make payment to the named beneficiary, executor or administrator of such deceased members the amount of insurance which would have been payable under said policy had the said members continued same in force, less the amount of any unpaid premiums

which would have been due under the step-rate basis of payment hereinabove set forth.

5. Any member or members of the Nashville Postal Employees Benefit Society who have paid increased premiums on their insurance under the policy in this cause, as a result of the change instituted by the defendant company in the method of premium payments, beginning with the policy year 1946, is entitled to recover of defendant the amount of such premium increase, together with interest at six per cent per annum from the date of payment thereof.

6. That the obligation to collect from the members of said Society any deficiencies in the premiums paid by them, which may result from the judgment of the court in this cause, rests upon the defendant company, which shall have the right to institute appropriate and necessary proceedings in this cause to recover from such members the amounts of any such deficiencies, and the defendant company is therefore authorized to institute all necessary proceedings to make such members parties to this cause for the aforementioned purpose.

7. Under the terms of said policy the defendant company now has the right to increase the rates of premium under said policy paid under the step-rate plan, by increasing the amounts that the different policyholders would have to pay under the step-rate plan, provided such increase is made in good faith and is based on the company's classified group mortality experience and schedules then in force.

8. That a special master shall be appointed to consider the evidence now on file and such additional evidence as may be introduced and report on the following:

(1) The amount, if any, of increased premiums paid by any members of the Nashville Postal Employees Benefit Society, under the policy of insurance in this cause, as a result of the change instituted by the defendant company in the method of premium payment, beginning with the policy year 1946 up to the date of this decree, together with an itemized list of the members paying such increased premiums and the amount of such increases in premiums paid by each.

(2) Which members of said Society, if any, permitted their insurance under said policy to lapse because of said change in the method of premium payment and which of said members, if any, have died since said change became effective.

(3) The amount of insurance that any such deceased member had in force at the time of his or her death, and the amount of premiums accrued on such insurance of each such deceased member to the date of his or her death under the step-rate basis of payment.

Judgment accordingly.